IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

RANDALL KENNETH GIBSON,                                       CV 07-1620-MA

         Petitioner,                                    OPINION AND ORDER

     v.

CHARLES DANIELS,
Warden, FCI-Sheridan,

         Respondent.

       RANDALL KENNETH GIBSON
       Federal Register Number 15889-085
       Federal Correctional Institution
       PO Box 5000
       Portland, OR  97378-5000

         Petitioner, *Pro Se*

       KARIN J. IMMERGUT
       United States Attorney
       SCOTT ERIK ASPHAUG
       Assistant United States Attorney
       United States Attorney's Office
       District of Oregon
       1000 SW Third Avenue, Suite 600
       Portland, OR  97204-2902

         Attorneys for Respondent

MARSH, Judge:

1- OPINION AND ORDER

Petitioner, an inmate in the custody of the Federal Bureau of Prisons (BOP), currently housed at the Federal Correctional Institution (FCI) Sheridan, brings this habeas corpus proceeding pursuant to 28 U.S.C. § 2241.

On March 8, 2005, Petitioner pleaded guilty to one count of Distribution of a Controlled Substance (50 Grams or More of a Mixture Containing Methamphetamine) in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2, in the Eastern District of Washington.  He was sentenced to 188 months imprisonment, 5 years of supervised release, and ordered to pay restitution in the amount of $1500.  The judgment contained a page entitled "Schedule of Payments," stating, *inter alia*, that Payment of criminal monetary penalties was "to begin immediately."  This page also contained a boilerplate paragraph stating that if a period of imprisonment was imposed "payment of criminal monetary penalties is due during imprisonment."  However, the judgment did not contain a payment schedule by which Petitioner was to pay down his restitution sentence while in prison.

According to Petitioner, when he arrived at FCI Sheridan the BOP began withdrawing monthly restitution payments of $25 from his prison bank account, pursuant to the Inmate Financial Responsibility Program (IFRP).  *See* 28 C.F.R. § 545.10, *et seq*.  Petitioner requests that this Court issue a Writ of Habeas Corpus

2- OPINION AND ORDER

commanding Respondent[1] to cease collecting any restitution payments from him on the basis that the BOP does not have authority to "force" petitioner to pay his restitution because the sentencing court did not fix a restitution payment schedule for his period of imprisonment.  Petitioner also asks the Court to command Respondent to identify Petitioner as "IFRP-Exempt," to vacate his "IFRP-refusal status," to vacate associated sanctions imposed upon him, and to restore him to "the position he would have been but for the wrongful actions of the respondent."

By his answer dated December 13, 2008, Respondent concedes the writ should be granted but argues that no relief should be ordered because the BOP will voluntarily "cease collection activity pursuant to the IFRP and will identify [Petitioner] as IFRP exempt."

Petitioner has made a sufficient showing that the BOP's collection of restitution payments from him contravenes the Mandatory Victims Restitution Act of 1996 (MVRA)[2], because the sentencing court did not set a schedule of payments for his period of imprisonment.  *See United States v. Gunning*, 339 F.3d

---

[1]  J.E. Thomas was substituted for originally named Respondent Charles Daniels when Mr. Thomas became the new Warden of Federal Correctional Institution - Sheridan, February 8, 2008.

[2]  The MVRA states, in relevant part, "Upon determination of the amount of restitution owed to each victim, the court shall, pursuant to section 3572, specify in the restitution order the manner in which, and the schedule according to which, the restitution is to be paid...". 18 U.S.C. § 3664(f)(2).

3- OPINION AND ORDER

948 (9th Cir. 2003)(*Gunning I*), and *United States v. Gunning*, 401 F.3d 1145 (9th Cir. 2005) (*Gunning II*). Despite Respondent's similar concessions in multiple Section 2241 cases in this district[3], Respondent has not ceased collection of restitution payments from prisoners in the same position as Petitioner without a court order. Accordingly, I once again issue the writ of habeas corpus, and command Respondent to designate this Petitioner "IFRP Exempt." This designation will lift the sanctions associated with "IFRP-refusal status." Petitioner is not entitled to any other relief; he is not worse off for having made payments toward his restitution debt.

---

[3] *See Aklestad v. Daniels*, 2008 WL 199909 (D. Or. Jan 17, 2008); *Darland v. Daniels*, 2007 WL 4563667 (D. Or. Dec. 20, 2007); *Purteman v. Daniels*, 2007 WL 4563641 (D. Or. Dec. 20, 2007); *White v. Daniels*, 2007 WL 4210960 (D. Or. Nov. 26, 2007); *Haskins v. Daniels*, 2007 WL 4210913 (D. Or. Nov. 26, 2007); *Nelson v. Daniels,* 2007 WL 3128502 (D. Or. Oct. 22, 2007); *Wright v. Daniels,* 2007 WL 3125302 (D. Or. Oct. 22, 2007); *Putnam v. Daniels*, 2007 WL 2688243 (D. Or. Sept. 10, 2007); *Bowen v. Daniels,* 2007 WL 2608312 (D. Or. Sep. 3, 2007); *Fowler v. Daniels*, 2007 WL 2323306 (D. Or. Aug. 8, 2007); *Lemoine v. Daniels*, 2007 WL 2138601 (D. Or. July 20, 2007); *Dixey v. Daniels*, 2007 WL 1975806 (D. Or. July 5, 2007); *Jones v. Daniels*, 2007 WL 1959278 (D. Or. July 2, 2007); *Soroka v. Daniels*, 467 F. Supp. 2d 1097 (D. Or. Dec. 5, 2006).

## CONCLUSION

Based on the foregoing, Petitioner's habeas corpus petition (#2) is GRANTED, and the BOP is ordered to designate Petitioner "IFRP Exempt."

IT IS SO ORDERED.

DATED this 12_ day of March, 2008.

                                        /s/  Malcolm F. Marsh
                                        Malcolm F. Marsh
                                        United States District Judge